UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTON CARTER, ) | |
| ) | Case No. 19-cv-7493 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| SERGEANT JOHN JUDKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anton Carter brought a three-count Second Amended Complaint alleging Fourteenth Amendment excessive force, failure to intervene, and failure to provide medical care claims based on an October 2018 incident at the Cook County Jail ("CCJ") while he was a pretrial detainee. Carter brings this lawsuit against fourteen CCJ correctional officers, who have filed a partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies defendants' motion to dismiss.

**Background**

On October 1, 2018, Carter was assigned to Division 9 in the Special Management Unit, Tier 1E at the CCJ. Carter alleges that at approximately 8:51 p.m. that evening, correctional officers entered Tier 1E to transfer a detainee into Carter's cell. Certain correctional officers accompanied by defendant Sergeant John Judkins opened the door to Carter's cell and yelled at him to stand back and face the wall. At that time, Carter was standing at the toilet urinating. While Carter was securing his pants, defendant officers Alexander Diaz and Shawn Manis grabbed him, forcibly twisted his arms behind his back, and pushed him to the wall. Six other correctional officers crowded into the cell behind Carter. Thereafter, Carter was slammed against the wall and pinned there while officers Diaz and Manis continued to twist his arms and raise them by his head. One or

more of the other correctional officers punched Carter in the arm resulting in fracturing and splitting his humerus into multiple places. Later, an officer told Carter that he could hear his arm "pop" and knew that he was injured.

The correctional officers then released Carter and exited his cell without offering medical treatment. Despite watching the incident unfold, none of the fourteen officers inside or outside Carter's cell did anything to intervene or stop the excessive force. Left in his cell after the assault, Carter began to feel the extent of his injury and suspected that the correctional officers had broken a bone in his right arm because he could not move it. Eventually, Carter was able to alert a correctional officer about his injury. Carter was then escorted to the Division 9 dispensary for a medical evaluation. Thereafter, Carter was taken to Cermak Health Services and x-rayed approximately two hours after the incident. He was not seen by a doctor until over three hours after the incident and did not receive pain medication until approximately four hours after the assault. Meanwhile, the x-ray showed that Carter's right arm had a spiral fracture, which occurs when the bone is shattered in three or more pieces by extreme twisting. Carter's injury resulted in treatment and therapy that took place over several months.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Excessive Force Claim*

In Count I of his Second Amended Complaint, Carter brings an excessive force claim. Because Carter was a pretrial detainee during the relevant time period, his excessive force claim falls under the Fourteenth Amendment's due process clause. *Kingsley v. Hendrickson,* 576 U.S. 389, 397, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015). An "excessive-force claim brought by a pretrial detainee under the Fourteenth Amendment must be evaluated under an objective test rather than the subjective deliberate indifference standard." *Hamilton v. County of Madison, Ill.*, 970 F.3d 823, 827 (7th Cir. 2020). Under this standard, several factors may be considered, including the relationship between the need to use force and the amount of force used, the extent of the plaintiff's injury, any effort by the officer to limit his or her use of force, the severity of the security concern, the threat perceived by the officer, and whether the detainee was actively resisting. *Kingsley,* 576 U.S. at 397.

In their motion to dismiss, defendants argue that only officers Diaz and Manis are proper defendants to Carter's excessive force claim because Carter has failed to identify anyone else who was involved in the alleged assault. To clarify, actions against individuals under § 1983 concern personal liability based on fault, thus liability does not attach unless the individual caused or participated in a constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). For example, to show any supervisors, such as Sergeant Judkins, were personally involved, Carter must eventually set forth evidence that they knew about the misconduct and either facilitated it, approve it, turned a blind eye, or participated in it. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Carter responds that the Court must look at his failure to intervene claim in tandem with his

excessive force claim, namely, that many of the named defendants were present when officers Diaz and Manis allegedly used excessive force, but did nothing to stop the misconduct. The Court agrees because "it is possible to hold a named defendant liable for his failure to intervene vis-à-vis the excessive force employed by another officer, even if the plaintiff cannot identify the officer(s) who used excessive force on him." *Sanchez v. City of Chicago*, 700 F.3d 919, 926 (7th Cir. 2012); *see also Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Therefore, it stands to reason that a plaintiff may allege a claim against an officer who ignored a realistic opportunity to intervene even though he cannot specifically identify him, but can identify the officer who assaulted him – especially at this juncture where the parties have yet to engage in fact discovery.

Moreover, Carter has alleged that in addition to officers Diaz's and Manis' misconduct, one or more of the other officers punched him and others slammed and pressed him against the wall. That Carter has yet to identify these officers prior to the parties conducting discovery is not fatal to his claim. Meanwhile, defendants' reliance on *Iqbal* for the proposition that Carter must identify the defendants at this stage of the proceedings is misplaced because the *Iqbal* Court did not address the pleading standards for an excessive force claim coupled with a failure to intervene claim. In fact, *Iqbal* held that "determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Drawing on judicial experience and common sense, as well as under the circumstances of this case where fourteen correctional officers were present during the October 2018 incident, defendants' personal involvement argument is best left for later in these proceedings. That said, once Carter identifies the officers involved in the excessive force and failure to intervene claims, the Court will grant him leave to amend his allegations to conform with the evidence. The Court therefore denies defendants' motion to dismiss Count I.

*Failure to Intervene*

As discussed, in Count II of the Second Amended Complaint, Carter alleges that certain defendants who were present during the October 2018 incident failed to intervene or stop officers Diaz and Manis others from using excessive force. Defendants maintain that Carter has failed to sufficiently allege his claim under the federal pleading standards. To succeed on a failure to intervene claim, Carter must eventually demonstrate that defendant correctional officers knew that a constitutional violation was committed and had a realistic opportunity to prevent it. *Gill*, 850 F.3d at 342.

Defendants argue that Carter has failed to plausibly allege that any of them knew unlawful force was being used and had the reasonable opportunity to prevent the alleged assault. Construing Carter's allegations and all reasonable inferences in his favor, he asserts that at least six other defendants in addition to Diaz and Manis were in his cell when Diaz and Manis grabbed, dragged, and pinned him. He also alleges that another officer (or two) punched him in the arm breaking his humerus in several places. These allegations lead to a reasonable inference that the other defendants observed and heard the alleged excessive force while it was happening. As to the officers outside of his cell, Carter alleges that they heard and saw what happened in the cell and heard his arm audibly pop when it was being broken, putting them on notice of the alleged assault. Accordingly, defendants' argument the Carter failed to tell the other officers that Diaz and Manis were hurting him at the time of the alleged assault does not vitiate the plausibility of Carter's allegations. Indeed, under Carter's allegations, he has included "enough details about the subject-matter of the case to present a story that holds together," and thus survives defendants' motion to dismiss Count II. *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (citation omitted).

*Medical Care Claim*

5

In Count III, Carter brings a claim based on defendants' failure to provide timely medical care after they broke his arm. Like his excessive force claim, Carter's inadequate medical care claim falls under the Fourteenth Amendment's due process protections. Under this standard, Carter must show that defendants "acted purposefully, knowingly, or recklessly when considering the consequences of [their] response to the medical condition at issue in the case," and "the challenged conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances." *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020).

Defendants first argue that Carter's broken arm is not an objectively serious medical condition, which is part of the deliberate indifference standard under the Eighth Amendment, but not the objective reasonableness standard under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) ("Eighth Amendment and Due Process analyses are not coextensive"); *see also Whitney v. Khan*, No. 18 C 4475, 2021 WL 105803, at *4 (N.D. Ill. Jan. 12, 2021) (Kennelly, J.). Even if an objectively serious medical condition were a separate requirement under the standard set forth in *Miranda*, defendants' argument is misplaced because a broken humerus is undoubtedly a serious medical condition. *See Melton v. Abston,* 841 F.3d 1207, 1222 (11th Cir. 2016); *Brown v. Shah*, Case No. 3:13–cv–00091, 2015 WL 4651408, at *4 (S.D. Ill. Aug. 5, 2015).

Next, defendants contend that the few hours of delay in receiving medical treatment does not constitute an unreasonable delay. The Court rejects defendants' argument because under the Eighth Amendment's more stringent standard for prison medical care claims "brief, unexplained delays in treatment may constitute deliberate indifference." *Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015). In fact, the Seventh Circuit has concluded that an hour and a half delay constituted deliberate indifference due to the plaintiff's unnecessary suffering. *Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017). Again, the *Miranda* standard is an objectively reasonable one based on the totality of the facts and circumstances, including the seriousness of the injury and how delay

6

exacerbated that injury. In short, there is no bright-line rule that a two to three hour delay cannot be unreasonable under the Fourteenth Amendment standard articulated in *Miranda*. Therefore, the Court denies defendants' motion to dismiss Count III.

**Conclusion**

For the foregoing reasons, this Court denies defendants' motion to dismiss brought pursuant to Rule 12(b)(6) [57].

IT IS SO ORDERED.

Date: 4/8/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge