UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTON CARTER,                          )
                                       )        Case No. 19-cv-7493
                 Plaintiff,            )
                                       )        Judge Sharon Johnson Coleman
          v.                           )
                                       )
SERGEANT JOHN JUDKINS, et al.,         )
                                       )
                 Defendants.           )

**MEMORANDUM OPINION AND ORDER**

After plaintiff Anton Carter filed his third amended complaint, defendants, who are correctional officers at the Cook County Jail, filed their answer to the third amended complaint on February 14, 2022. Approximately three months later, defendants filed the present motion for leave to file an amended answer to include the affirmative defense of failure to exhaust. For the following reasons, the Court, in its discretion, denies defendants' motion.

**Background**

Carter alleges that on the evening of October 1, 2018, multiple correctional officers entered Cook County Jail Special Management Unit Tier 1E to transfer an inmate into Carter's cell. At that time, Carter was a pretrial detainee. While certain officers watched, other officers entered Carter's cell and forcefully moved him to the back wall, twisted his arms behind his back, and then punched him—resulting in a broken arm. The officers then left Carter's cell. Despite having an opportunity to intervene or help seek medical care, the officers did not act, but rather left Carter to endure extreme pain in his cell for over an hour. Based on these allegations, Carter brings excessive force, failure to intervene, and failure to provide medical care claims under the Fourteenth Amendment.

On April 8, 2021, the Court denied defendants' Rule 12(b)(6) motion to dismiss the second amended complaint, which included Carter's Fourteenth Amendment excessive force, failure to

intervene, and failure to provide medical care claims. Meanwhile, defendants did not seek dismissal

of Carter's second amended complaint for failure to exhaust under either Rule 12(b)(6) or Rule

12(c).

**Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) directs district courts to freely give leave to amend

when justice so requires. *See Saint Anthony Hospital v. Eagleson*, 40 F.4th 492, 517 (7th Cir. 2022).

District courts, however, may deny leave to amend when there is a good reason to do so, including

futility, undue delay, prejudice, or bad faith. *Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th

1122, 1133 (7th Cir. 2022). The Court has broad discretion in considering a motion for leave to

amend a pleading. *Thomas v. Dart*, 39 F.4th 835, 840 (7th Cir. 2022).

**Discussion**

In the present motion, defendants assert it was not until Carter's April 27, 2022 deposition

that they realized Carter may have failed to exhaust his administrative remedies. That may be so, but

the Cook County Jail grievances that would reveal whether Carter failed to exhaust his

administrative remedies are and were within defendants' control from the beginning of this lawsuit,

yet defendants did not allege this affirmative defense in their answer to the third amended

complaint. Meanwhile, since April 2021, the parties have engaged in extensive fact discovery and are

now engaged in expert discovery.

Allowing defendants to amend their answer to include the affirmative defense of failure to

exhaust would unfairly prejudice Carter because fact discovery is all but over and the amendment

"will drive the proceedings in a new direction." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 2022 WL

2825840, at *7 (7th Cir. 2022); *see also Access Living of Metropolitan Chicago v. Uber Tech. Inc.*, 958 F.3d

604, 616 (7th Cir. 2020) ("Undue prejudice from delay can occur, even at the pleading stage, if the

parties have 'already invested significant resources in the case.'") (citation omitted).

As discussed, defendants did not move to dismiss Carter's allegations based on his alleged failure to exhaust nor did they include this affirmative defense in their answer to the third amended complaint. Under the circumstances, defendants' attempt to resurrect this affirmative defense at the close of fact discovery is prejudicial and untimely in light of the Seventh Circuit decision in *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), which explains "in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved." In sum, allowing amendment would cause unfair prejudice to Carter because the information has always been in defendants' control, and their late timing impairs Carter's ability to respond effectively now that fact discovery is over. *See Burton v. Ghosh*, 961 F.3d 960, 966 (7th Cir. 2020).

**Conclusion**

The Court, in its discretion, denies defendants' motion for leave to amend their answer to the third amended complaint [136].

IT IS SO ORDERED.

Date: 8/17/2022

Entered: _____

SHARON JOHNSON COLEMAN
United States District Court Judge